IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN D. PRICE,<br><br>       Plaintiff,<br><br>    v.<br><br>DR. HENRY, et al.,<br><br>       Defendants.<br>_____/ | No. C 09-06050 SBA (PR)<br><br>**ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO PROVIDE REQUIRED INFORMATION NECESSARY TO LOCATE DEFENDANT HENRY; DISMISSING SUPERVISORY LIABILITY CLAIMS; DISMISSING WITH LEAVE TO AMEND CLAIM AGAINST DEFENDANT WALL; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Plaintiff, a state prisoner, filed the present pro se prisoner complaint under 42 U.S.C. § 1983. The Court issued an Order of Service, directing the United States Marshal to serve a summons and complaint on Defendants Henry and Olsen. Defendant Olsen has since filed a motion for summary judgment. Plaintiff's opposition to the motion has not yet been filed.

**I.    Ineffective Service on Defendant Henry**

Service has been ineffective on Defendant Henry. In an Order dated March 2, 2011, Plaintiff was directed to provide the Court with the required information necessary to locate this Defendant. He was also informed that the failure to do so shall result in the dismissal of all claims against Defendant Henry.

In a motion dated March 11, 2011, Plaintiff requests a ninety-day extension of time to provide the Court with the required information necessary to locate this Defendant. Plaintiff's request for an extension of time is GRANTED. The time in which Plaintiff may provide the Court with the required information necessary to locate Defendant Henry will be extended up to and including **ninety (90) days**. Failure to do so by the new deadline shall result in the dismissal of all claims against this Defendant.

**II.   Failure to File Amended Supervisory Liability Claims**

On December 6, 2010, the Court issued an Order of Service and directed Plaintiff to amend his supervisory liability claim against the warden of Salinas Valley State Prison (SVSP). The Court

1  gave Plaintiff until January 5, 2011 to file an amendment to the complaint.  He was warned the
2  failure to do so would result in dismissal of his supervisory liability claim against the warden of
3  SVSP without prejudice.  The time to file the amendment to the complaint has passed, and Plaintiff
4  has failed to do so.

5  Accordingly, Plaintiff's supervisory liability claim against the warden of SVSP is
6  DISMISSED WITHOUT PREJUDICE.

## III. Named Doe Defendant

8  In its December 6, 2010 Order, the Court found that Plaintiff's allegations that SVSP medical
9  staff performed surgery to remove the mass on the right side of his head without any pain
10 medication and failed to provide adequate medical treatment for the resulting infection -- between
11 April 8, 2009 and April 17, 2009 -- presented a cognizable Eighth Amendment claim for deliberate
12 indifference to serious medical needs against Defendants Henry and Olsen.  (Dec. 6, 2010 Order at
13 2-3.)  Because Plaintiff also identified several Doe Defendants who present and participated in the
14 deliberate indifference to his serious medical needs, his Eighth Amendment claim against the Doe
15 Defendants was dismissed with leave to amend.  (Id. at 4.)  Because "a claim stated against Doe
16 Defendants without further identifying information is not favored in the Ninth Circuit," see Gillespie
17 v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), Plaintiff was directed to correct this pleading
18 deficiency.

19 In his March 11, 2011 motion, Plaintiff moves for leave to amend his complaint to name the
20 prison official initially identified as "John Doe defendant," who allegedly violated his Eighth
21 Amendment rights, as Defendant Kathleen M. Wall, the "Health Care Manager (A)."  (Pl.'s Mar. 11,
22 2011 Mot. at 15.)  Plaintiff's motion for leave to amend his complaint to name the Doe Defendant as
23 Defendant Wall is GRANTED.  However, nowhere in his complaint or in his motion does Plaintiff
24 claim that either "John Doe defendant" or Defendant Wall was present and participated in the
25 deliberate indifference to his serious medical needs.

26 Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show
27 that the defendant proximately caused the deprivation of a federally protected right.  See Leer v.
28 Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th

2

1  Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he
2  does an affirmative act, participates in another's affirmative act or omits to perform an act which he
3  is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844
4  F.2d at 633. The inquiry into causation must be individualized and focus on the duties and
5  responsibilities of each individual defendant whose acts or omissions are alleged to have caused a
6  constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff
7  must instead "set forth specific facts as to each individual defendant's" deprivation of protected
8  rights. Id. at 634.

9  Because Plaintiff fails to allege any facts linking Defendant Wall to a violation of his
10 constitutional rights, his allegations do not state a cognizable Eighth Amendment claim. Therefore,
11 Plaintiff's claim under the Eighth Amendment against Defendant Wall is DISMISSED WITH
12 LEAVE TO AMEND, as directed below.

### IV. Motion for Appointment of Counsel

14  Plaintiff has also filed a motion for appointment of counsel to represent him in this action.
15  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose
16 his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25
17 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in
18 § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998)
19 (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only
20 in "exceptional circumstances," the determination of which requires an evaluation of both (1) the
21 likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se
22 in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d
23 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of
24 these factors must be viewed together before reaching a decision on a request for counsel under
25 § 1915. See id.

26  Here, there are no exceptional circumstances which would warrant seeking volunteer counsel
27 to accept a pro bono appointment. Plaintiff has been able to articulate his claims adequately pro se
28 in light of the complexity of the issues involved. See Agyeman v. Corrs. Corp. of Am., 390 F.3d

3

1101, 1103 (9th Cir. 2004). Furthermore, the issues presented in Defendant Olsen's motion for summary judgment are straightforward. Accordingly, Plaintiff's request for appointment of counsel at this time is DENIED.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's request for an extension of time to provide the Court with the required information necessary to locate Defendant Henry (docket no. 17) is GRANTED. The time in which Plaintiff may provide the Court with the required information will be extended up to and including **ninety (90) days**. Failure to do so by the new deadline shall result in the dismissal of all claims against this Defendant.

2. Plaintiff's supervisory liability claim against the warden of SVSP is DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's motion for leave to amend his complaint to name the Doe Defendant as Defendant Wall (docket no. 17) is GRANTED. However, Plaintiff's claim under the Eighth Amendment against Defendant Wall is DISMISSED WITH LEAVE TO AMEND. Within **thirty (30) days** of the date of this Order, Plaintiff may file an amended Eighth Amendment claim against Defendant Wall as set forth above in Section III of this Order. (Plaintiff shall resubmit only that claim and not the entire complaint.) The amended claim must be submitted on an amendment to the complaint. It must include the caption as well as the civil case number of this action (C 09-06050 SBA (PR)) and the words AMENDMENT TO THE COMPLAINT on the first page. The failure to do so will result in the dismissal without prejudice of the Eighth Amendment claim against Defendant Wall.

4. Plaintiff's motion for appointment of counsel (docket no. 18) is DENIED.

5. This Order terminates Docket nos. 17 and 18.

IT IS SO ORDERED.

DATED: 4/22/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MELVIN D. PRICE,

        Plaintiff,

  v.

DR. HENRY et al,

        Defendant.

Case Number: CV09-06050 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melvin D. Price F-37541
Richard J. Donovan State Prison
P.O. Box 799003
San Diego, CA 92179

Dated: April 25, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Price6050.eotD-Henry&DWLA-D-Wall&denyATTY.wpd