IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELVIN D. PRICE,

    Plaintiff,

v.

DR. HENRY, et al.,

    Defendants.

No. C 09-06050 SBA (PR)

**ORDER VACATING THE COURT'S AUGUST 17, 2011 ORDER DISMISSING DEFENDANT HENRY; AND GRANTING SUMMARY JUDGMENT AS TO ALL DEFENDANTS**

(Docket no. 26)

## INTRODUCTION

On December 29, 2009, Plaintiff Melvin D. Price, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed a civil rights action pursuant to 42 U.S.C. § 1983 relating to a surgical procedure he underwent in April, 2009 at SVSP. In an Order dated December 6, 2010, the Court found cognizable Plaintiff's claims of deliberate indifference to medical needs against Defendant Dr. Henry, the doctor who performed the surgery, and Defendant Registered Nurse Diane Olson, the assisting nurse. The Court directed the Clerk of the Court to send Notices of Lawsuit and Requests for Waiver of Service of Summons to Defendants Henry and Olson.

Thereafter, Defendant Olson filed her answer. However, service was ineffective on Defendant Henry. Therefore, in an Order dated March 2, 2011, the Court ordered Plaintiff to provide a current address for unserved Defendant Henry within thirty days.

In an Order dated April 22, 2011, the Court granted Plaintiff's request for an extension of time and directed Plaintiff to provide the current address for Defendant Henry within ninety days from the date of that Order. Ninety days passed, and Plaintiff did not respond to the Court's request. Therefore, in an Order dated August 17, 2011, the Court dismissed sua sponte the claims against Defendant Henry without prejudice under Federal Rule of Civil Procedure 4(m), which states that if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. (Aug. 17, 2011 Order at 1-2.)

Before the Court is Defendant Olson's motion to dismiss or, in the alternative, for summary

judgment. To date, Plaintiff has not filed an opposition to the motion.[1]

For the reasons discussed below, the Court's August 17, 2011 Order dismissing the claims against Defendant Henry is VACATED, and summary judgment is GRANTED as to all Defendants, including Defendant Henry.

## **FACTUAL BACKGROUND**

The facts are undisputed unless otherwise noted.

Prior to events giving rise to the complaint, Plaintiff had a "lump," or mass, on the right side of his head. (Compl. at 3.) An ultrasound report dated April 6, 2009 stated that the lump was consistent with a sebaceous, non-malignant cyst. (Olson Decl. ¶ 4, Ex. A.)

Plaintiff alleges that Defendants Henry and Olson assumed that the mass was a cyst after touching it, but that they did not look at the ultrasound report or the medical report to determine that Plaintiff had a tumor, not a cyst. (Compl. at 3-4.) Defendant Olson, meanwhile, states, "[t]he cyst was suspected to be sebaceous cyst [sic] or lipoma, which is a type of benign tumor." (Olson Decl. ¶ 3.) Defendant Henry told Plaintiff that he did not have time to escort Plaintiff to another location for the removal procedure, and that if Plaintiff did not have the surgery that day, he would have to wait six months. (Compl. at 4.)

On April 8, 2009, Defendants Henry and Olson performed a surgical procedure in an attempt to remove the mass. (Olson Decl. ¶ 3.) The surgery was conducted in an unsterilized multipurpose room at the correctional treatment center at SVSP. (Compl. at 3.) After making an initial incision, Defendant Henry determined that the mass was actually a hemangioma (benign tumor). (Olson Decl. ¶ 5.) Because removal of a hemangioma is more difficult than removal of a cyst, Defendant Henry decided not to continue with the procedure, opting instead to remove the hemangioma at his off-site clinic at a later date. (Id.) Defendant Henry told Plaintiff that he would need better lighting and better equipment at an outside hospital to remove the hemangioma. (Compl., Attach., 602

---

[1] Plaintiff's opposition to Defendant Olson's motion for summary judgment was due no later than June 13, 2011, sixty days after Defendant Olson filed her motion. In an Order dated June 13, 2011, the Court granted Plaintiff's motion for an extension of time to file an opposition. The extension granted by the Court expired on July 13, 2011, and Plaintiff did not file his opposition.

2

Inmate Appeal log no. SVSP 09-11597 at 3.)[2] He closed the incision with a suture. (Olson Decl. ¶ 5.)

Plaintiff contends that he was not prescribed antibiotics or pain medication after the surgery, and that he suffered "extreme pain" from a "serious infection" that was not treated until April 17, 2009, at which time he was prescribed antibiotics. (Compl. at 3, Attach., 602 Inmate Appeal log no. SVSP 09-11597 at 1.) Plaintiff alleges that the resulting infection caused him to become ill for two weeks. (Compl. at 3.) Defendant Olson asserts that the decision not to prescribe antibiotics immediately after the surgery is "of the discretion of the surgeon," and that antibiotics can lead to side effects. (Olson Decl. ¶ 6.) She states that Plaintiff was given Tylenol after the surgery. (Id. ¶ 5.) Defendant Olson further asserts that prophylactic antibiotics were given to Plaintiff on April 17, 2009, and that there is no record of Plaintiff developing an infection. (Id. ¶ 6.)

On May 6, 2009, Defendant Henry removed the hemangioma at Twin Cities Community Hospital. (Id. ¶ 7.) Plaintiff had a post-operative follow-up on May 22, at which time the surgical wound was healing well. (Id.)

## DISCUSSION

### I. Legal Standard For Summary Judgment

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). A verified complaint may be used as

---

[2] Attached to Plaintiff's complaint is his six-page 602 Inmate Appeal log no. SVSP 09-11597, which the Court has numbered pages one through six.

1  an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth
2  specific facts admissible in evidence. Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th
3  Cir. 1995).

4  Material facts which would preclude entry of summary judgment are those which, under
5  applicable substantive law, may affect the outcome of the case. The substantive law will identify
6  which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Questions of
7  fact regarding immaterial issues cannot defeat a motion for summary judgment. See Reynolds v.
8  County of San Diego, 84 F.3d 1162, 1168-70 (9th Cir. 1996) (summary judgment properly granted
9  where questions of why gun did not fire, minor inconsistency in officer's version of events, and
10 expert's disagreement with steps taken by officer immaterial to material question of whether officer
11 reasonably used deadly force), rev'd on other grounds by Acri v. Varian Associates, Inc., 114 F.3d
12 999 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a
13 reasonable jury to return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

14 Where the moving party does not bear the burden of proof on an issue at trial, the moving
15 party may discharge its burden of showing that no genuine issue of material fact remains by
16 demonstrating that "there is an absence of evidence to support the nonmoving party's case."
17 Celotex, 477 U.S. at 325. The burden then shifts to the opposing party to produce "specific
18 evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan
19 v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir.), cert. denied, 502 U.S. 994 (1991). A complete
20 failure of proof concerning an essential element of the non-moving party's case necessarily renders
21 all other facts immaterial. Celotex, 477 U.S. at 323.

22 **II.    Evidence Considered**

23 A district court may only consider admissible evidence in ruling on a motion for summary
24 judgment. See Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).
25 Unauthenticated documents and hearsay evidence are not admissible and, consequently, may not be
26 considered on summary judgment. See id. at 773-74, 778.

27 Defendant Olson has attached to her declaration several pages of Plaintiff's medical records,

4

and has sworn that the records are true and correct copies of Plaintiff's medical file. These records were made for medical diagnosis or treatment, and describe Plaintiff's symptoms, and are thus admissible. See Fed. R. Evid 803(4)(A)-(B).

Where, as here, the plaintiff does not file an opposition to a motion for summary judgment, the Court may treat the allegations in a verified complaint as an opposing affidavit to the extent such allegations are based on the plaintiff's personal knowledge and set forth specific facts admissible in evidence. See Schroeder, 55 F.3d at 460 & nn.10-11. Plaintiff verified his complaint by signing it under the penalty of perjury; therefore, it is admissible evidence. For the purposes of this Order, the Court will treat it as an opposing affidavit under Rule 56 of the Federal Rules of Civil Procedure.

### III. Unserved Defendant Henry

As explained above, the Court previously dismissed Plaintiff's claims against unserved Defendant Henry without prejudice pursuant to Rule 4(m). However, summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed and (3) Plaintiff has been provided an opportunity to address the controlling issues. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802-03 (9th Cir.), cert. denied, 516 U.S. 864 (1995) (citing, inter alia, Silverton v. Department of the Treasury, 644 F.2d 1341, 1345 (9th Cir.), cert. denied, 454 U.S. 895 (1981)). Such is the case here. For the reasons stated below as to Defendant Olson, the Court finds that Plaintiff cannot prevail on his claims against Defendant Henry because: (1) the controlling issues would have been the same as to unserved Defendant Henry; (2) these issues would have been briefed in the same way by Defendant Olson's attorney, who would have also represented Defendant Henry; and (3) Plaintiff has been provided an opportunity to address these issues. Accordingly, the Court VACATES the portion of its August 17, 2011 Order dismissing all claims against Defendant Henry without prejudice. Therefore, Plaintiff's claim of deliberate indifference is reinstated against Defendant Henry, and the Court now considers the claims against both Defendants Henry and Olson for purposes of ruling on the motion for summary judgment.

### IV. Deliberate Indifference Claim

Plaintiff claims that Defendants Henry and Olson deliberately disregarded his serious

medical needs by conducting the April 8, 2009 procedure in an unsterile, poorly-lit room, and by failing to prescribe antibiotics immediately afterward, which led to a painful infection.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). Indications that a prisoner has a "serious" need for medical treatment include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In order for the deliberate indifference element to be established, there must be a purposeful act or failure to act on the part of the defendant, and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Also, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see also Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

To survive the summary judgment motion, Plaintiff must raise a triable issue of fact as to both the objective and subjective prongs of the deliberate indifference analysis.

Defendant Olson concedes the existence of a serious medical need for purposes of the

6

1 motion for summary judgment. However, the Court finds that Plaintiff has failed to raise a triable
2 issue as to whether Defendants Henry and Olson acted with deliberate indifference to his medical
3 needs. Viewing the evidence in the light most favorable to Plaintiff, there is no triable issue because
4 there is no evidence that these Defendants acted with a conscious disregard for Plaintiff's health, that
5 is, that they were, subjectively, deliberately indifferent to a risk to Plaintiff's medical needs.

6       Plaintiff claims he was not prescribed post-surgical antibiotics, which led to him suffering an
7 infection. Defendant Olson argues that summary judgment is appropriate as to her because based on
8 the undisputed evidence, she took no part in the decision to not prescribe antibiotics. Regardless,
9 Plaintiff has failed to provide evidence that <u>either</u> Defendant Henry or Defendant Olson acted
10 unnecessarily or wantonly to inflict pain on him. Defendant Olson claims the surgeon has discretion
11 to prescribe prophylactic antibiotics following the initial surgery. (Olson Decl. ¶ 6.) The fact
12 Plaintiff was not prescribed post-surgical antibiotics, by itself, is insufficient to support an inference
13 that Defendants Henry and Olson intentionally harmed Plaintiff. Plaintiff's disagreement with the
14 decision not to prescribe antibiotics evidences a difference of medical opinion, i.e., if Plaintiff had
15 been prescribed post-surgical antibiotics, then he would not have suffered an infection. Even if
16 Plaintiff should have received different treatment for his medical needs, a difference of opinion as to
17 the treatment of his medical needs is insufficient, as a matter of law, to establish deliberate
18 indifference. <u>See</u> <u>Toguchi</u>, 391 F.3d at 1058, 1059-60; <u>see also</u> <u>Franklin</u>, 662 F.2d at 1344.
19 Although the medical treatment Plaintiff received may not have been what he considered proper
20 treatment, he presents no evidence that Defendants Henry and Olson were deliberately indifferent to
21 his serious medical needs. Rather, the evidence shows that Defendants Henry and Olson believed
22 that they were administering proper medical care.

23       Plaintiff alleges that Defendant Henry urged him to undergo the procedure on April 8, 2009
24 because if he chose not to, he may have had to wait for six months. (Compl. at 4.) Defendant
25 Henry halted the procedure when he discovered that the mass was a hemangioma. Defendant Henry
26 did not prescribe post-surgical antibiotics at that time, but Defendant Olson has presented evidence
27 that "[i]nfection is a routine risk of a surgical procedure . . . [m]ost of the time, no post-operative
28 infection occurs, and on occasion the patient/inmate can develop side effects from antibiotics if

7

1 given empirically." (Olson Decl. ¶ 6.) Defendant Henry removed the hemangioma at an off-site
2 location within a month of the initial procedure. (Id. ¶ 7.) Thus, Plaintiff has failed to provide
3 evidence regarding an essential element of this claim. Specifically, even if Defendants Henry's and
4 Olson's failure to prescribe antibiotics specifically caused Plaintiff harm, Plaintiff has failed to
5 provide evidence that these Defendants purposefully acted with deliberate indifference to his serious
6 medical needs.

7   In the alternative, the allegations of the complaint could be liberally read as evidence that the
8 prescription of post-surgical antibiotics would have been the proper medical treatment in this
9 circumstance; however, this would only be evidence of negligence. Whether Defendants Henry and
10 Olson were negligent in failing to prescribe antibiotics is not a material issue for trial. See
11 Hutchinson, 838 F.2d at 394 (holding that negligence does not give rise to a claim of deliberate
12 indifference to medical needs); see also Toguchi, 391 F.3d at 1058 (same). Factual issues that could
13 only go to negligence, but not to Defendants Henry's and Olson's mental states (e.g., the allegations
14 of poor lighting and lack of cleanliness in the operating room), are not relevant to the Court's
15 determination on summary judgment. See Reynolds, 84 F.3d at 1169 (holding that an immaterial
16 issue of fact is insufficient to defeat a motion for summary judgment). Therefore, this argument also
17 fails.

18   Accordingly, Defendant Henry and Olson are entitled to summary judgment, and Defendant
19 Olson's motion for summary judgment is GRANTED as to both Defendants.[3]

20   The Court's determination that summary judgment is appropriate on Plaintiff's Eighth
21 Amendment claim does not prevent him from pursuing, in state court, any potential claims arising
22 under state law.

## CONCLUSION

For the foregoing reasons,

1.   The Court's August 17, 2011 Order dismissing Defendant Henry is VACATED.

---

[3] Because summary judgment is appropriate on the deliberate indifference claim, the Court need not address Defendant Olson's motion to dismiss on the ground that Plaintiff has not exhausted his administrative remedies.

8

2. Defendant Olson's motion for summary judgment is GRANTED as to both Defendant Olson and Defendant Henry. The Court need not reach Defendant Olson's motion to dismiss, which was filed in the alternative to the motion for summary judgment.

3. The Clerk of the Court shall enter judgment in favor of Defendants Olson and Henry, terminate all pending motions, and close the file. Each party shall bear his own costs.

4. This Order terminates Docket no. 26.

IT IS SO ORDERED.

DATED: __3/27/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MELVIN D. PRICE,

        Plaintiff,

 v.

DR. HENRY et al,

        Defendant.

Case Number: CV09-06050 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melvin D. Price F-37541
Richard J. Donovan State Prison
P.O. Box 799003
San Diego, CA 92179

Dated: March 29, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Price6050.grantMSJ.frm     10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28